OPINION
Appellant Darwin Ballard appeals his conviction, for rape, from the Stark County Court of Common Pleas. The following facts give rise to this appeal. In the early morning hours of August 14, 1998, appellant entered the home of his former girlfriend, LaDonya Kimbrough. Appellant is the father of Ms. Kimbrough's children, ages three, four and five. Appellant never lived with Ms. Kimbrough and did not have a key to her house. At the time of the sexual assault, the romantic relationship between appellant and Ms. Kimbrough had been over for approximately two years. The parties stayed in contact for purposes of the children. However, these contacts often resulted in arguments and in October 1997, appellant pled guilty to a domestic violence incident in connection with Ms. Kimbrough. On the evening of August 13, 1998, Ms. Kimbrough expected a visit from a male friend. Prior to the visit, Ms. Kimbrough mopped her kitchen floor and opened the kitchen window to speed the drying of the floor. Ms. Kimbrough's friend visited from approximately 10:00 or 10:30 p.m. until midnight. Following his departure, Ms. Kimbrough went to bed. After Ms. Kimbrough went to bed, appellant entered her residence, by way of the open window in the kitchen, and got in bed with Ms. Kimbrough. Appellant was wearing only his boxer shorts. Appellant began touching her back and Ms. Kimbrough awoke. Appellant told Ms. Kimbrough he wanted to talk to her. Ms. Kimbrough indicated she did not want to talk to appellant and ordered him to leave. Appellant repeatedly asked Ms. Kimbrough whether she had sex with her male visitor. Ms. Kimbrough denied having sex with the male visitor and told appellant it was none of his business. Appellant turned accusatory. He told Ms. Kimbrough that if the male visitor could have sex with her, he could too. After appellant continued to refuse to leave, Ms. Kimbrough attempted to use the telephone beside her bed. Appellant hung up the telephone and took it from her. Ms. Kimbrough then attempted to leave the bedroom, however, appellant shut the door. Ms. Kimbrough next began pounding on her bedroom wall in an attempt to wake her neighbor. Appellant pulled her away from the wall and Ms. Kimbrough began screaming. Appellant placed his hand over Ms. Kimbrough's mouth and as she tried to remove appellant's hand from her face, Ms. Kimbrough fell to the floor receiving a carpet burn on her elbow. Appellant pulled Ms. Kimbrough from the floor, removed her boxer shorts, and began raping her. When appellant loosened his grip, Ms. Kimbrough was able to escape. Ms. Kimbrough grabbed a portable radio and began swinging it at appellant. Ms. Kimbrough hit a lamp with the radio and shattered it. She also knocked a hole in her bedroom wall shattering the radio. Appellant eventually left the bedroom and ran downstairs. At that point, Ms. Kimbrough dialed 911. Officer Robert Flaherty and Eric Stanbro, from the Canton Police Department, arrived on the scene at 4:20 a.m. The front door to the apartment was locked, however, the officers noticed an open window in the kitchen. The back door to the apartment was unlocked and the officers entered through this door. Ms. Kimbrough locked her bedroom door after appellant fled. Ms. Kimbrough did not leave her bedroom until the dispatcher told her the officers were at her bedroom door. The officers noticed that Ms. Kimbrough appeared very frightened, with red swelling around the left side of her face. Ms. Kimbrough also had a cut on the tip of her nose and under the bridge of her nose. Paramedics also arrived on the scene. Paramedic Jason Eberly observed that Ms. Kimbrough was in a distressed emotional state. He also noticed the bruising on Ms. Kimbrough's face. The paramedics transported Ms. Kimbrough to Aultman Hospital. As a result of this sexual assault, the Stark County Grand Jury indicted appellant, on one count of rape, in January 1999. Appellant entered a plea of not guilty and this matter proceeded to trial on March 1, 1999. At trial, Jennifer Bloint, a criminologist from the Stark County Crime Lab, testified that vaginal slides and swabs taken from Ms. Kimbrough tested positive for the presence of semen and spermatozoa. Appellant testified in his defense. Appellant admitted to having sexual intercourse with Ms. Kimbrough, but claimed that it was consensual. Following deliberations, the jury found appellant guilty as charged. The trial court sentenced appellant to a determinate term of five years of incarceration. Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration.
 I. THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT A CONVICTION, AND THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. OTHER ERRORS WERE COMMITTED AT TRIAL NOT RAISED HEREIN BUT APPARENT ON THE RECORD.
 I
In his First Assignment of Error, appellant contends the evidence presented at trial was insufficient to support a conviction and the jury's verdict was against the manifest weight of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380 . The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. It is based on this standard that we review appellant's First Assignment of Error. In support of this assignment of error, appellant cites four alleged contradictions, in the record, which he claims would prevent an average mind from finding the elements of forcible rape beyond a reasonable doubt. First, appellant contends the medical records do not show any bruising, tearing or marks in Ms. Kimbrough's vaginal area. At trial, Ms. Kimbrough did not testify to any particular pain or injury, in the vaginal area, as a result of the sexual assault. Her testimony was consistent with the medical records introduced at trial. Further, there is no requirement that in order to prove rape, a victim must suffer trauma in the vaginal area. In the case of Matter of Thompson (May 18, 1992), Stark App. No. CA-8692, unreported, we explained that where a victim does not testify to physical injury in connection with vaginal intercourse, a report showing absence of vaginal bruising or tearing would neither corroborate nor refute such testimony. Id. at 2. Appellant next notes that the examining physician, at Aultman Hospital, reported that appellant began menstruating on August 12. Ms. Kimbrough testified, at trial, that she began menstruating in the middle of the night August 13-14. The record indicates that defense counsel did not cross-examine Ms. Kimbrough concerning these dates. Nor do we understand why this inconsistency is material to appellant's case and his defense that Ms. Kimbrough had consensual sex with him. Appellant also maintains a conflict exists between Ms. Kimbrough's testimony and his mother's testimony regarding which party initiated a telephone call on the morning of August 14, 1998. Ms. Kimbrough testified that appellant's mother, Ms. Freeman, called her. However, appellant's mother testified that Ms. Kimbrough called her. The jury could have easily concluded that the issue of who actually made the telephone call was irrelevant. Appellant's mother testified that when she talked to Ms. Kimbrough she was frightened and upset and asked Ms. Freeman to keep appellant away from her. Ms. Kimbrough's testimony corroborates the substance of Ms. Freeman's testimony. This corroboration is significant, not the issue of who made the telephone call. Finally, appellant cites to the paramedic's use of the work "struck" in his report and Ms. Kimbrough's testimony, at trial, as to how she received the injury to her face. Defense counsel did not cross-examine appellant or the paramedic about the language contained in the paramedic's report. From the record, we do not know whether Ms. Kimbrough actually told the paramedic that she was "struck" or whether the paramedic summarized what Ms. Kimbrough told him. We conclude, that upon review of the record in this matter, the state presented sufficient evidence to support appellant's conviction for rape. We also conclude that the jury did not clearly lose it way in resolving the conflicts in the evidence appellant cites to in support of this assignment of error. Appellant's First Assignment of Error is overruled.
 II
Appellant contends, in his Second Assignment of Error, that a review of the entire record reveals other errors meriting reversal of his conviction and sentencing. We disagree. In support of this assignment of error, appellant cites Anders v. California (1967),386 U.S. 738. A review of the testimony presented at trial and the entire record reveals no error prejudicial to appellant, warranting reversal of his conviction and/or sentence. Appellant was not denied a fair trial. Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
HOFFMAN, P.J. and READER, V.J. CONCUR.